# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONSALL UNIFIED SCHOOL DISTRICT,<br><br>                        Plaintiff,<br><br>v.<br><br>RICHARD C., et al.,<br><br>                        Defendants. | Case No.: 17-CV-1386 W (MDD)<br><br>**ORDER:**<br><br>**(1) GRANTING EX PARTE APPLICATION FOR USE OF PSEUDONYMS [DOC. 5]; AND**<br><br>**(2) GRANTING MARY C.'S PETITION TO APPOINT GUARDIANS AD LITEM [DOC. 6]** |

     Pending before the Court are: (1) Defendants' ex parte application to use an abbreviated pseudonym in place of their surname in this matter [Doc. 5]; and (2) a petition by Defendant Mary C., a minor, to appoint guardians ad litem. [Doc. 6.] Despite the passing of eleven days since the filing of both documents, Plaintiff has not opposed either. The Court decides the matters on the papers submitted and without oral argument. For the reasons that follow, the Court will grant both the Application and the Petition.

//
//
//

1

## I. USE OF PSEUDONYMS

"In this circuit, we allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . . to protect a person from harassment, injury, ridicule or personal embarrassment.' " Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting United States v. Doe, 655 F.2d 920, 922 n. 1 (9th Cir. 1981)). "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Id. at 1068. In cases in which anonymity is being used to shield a party from retaliation, the Court evaluates: "(1) the severity of the threatened harm . . .; (2) the reasonableness of the anonymous party's fears . . .; and (3) the anonymous party's vulnerability to . . . retaliation[.]" Id. Any prejudice to the opposing party is to be evaluated precisely at each stage of the proceedings. Id. The Court must also take into account "whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." Id.

Here, Defendants contend that "the use of pseudonyms is necessary to prevent the disclosure of private medical, psychological, and academic information regarding Mary C.[,] which might cause embarrassment to her and her parents." (*Ex Parte App. for Use of Pseudonyms* [Doc. 5] 2:8–10.) This makes sense, as the case involves a student's curriculum adapting to meet her particular medical needs. (*See Compl.* [Doc. 1]; *Answer and Cross-Compl.* [Doc. 4].) Any potential harm could be severe, taking the form of disclosure of a child's private medical information. Such disclosure could cause ramifications for her future, and it could cause embarrassment to her family. Any public interest in a school district's treatment of special needs students does not hinge on Plaintiffs' identities, and there would appear to be no prejudice to Plaintiff in granting the request. Plaintiff does not oppose.

Defendants' application to proceed using an abbreviated pseudonym in place of their surname will be granted. [Doc. 5.]

## II. APPOINTING A GUARDIAN AD LITEM

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). This rule "requires a court to take whatever measures it deems proper to protect an incompetent person during litigation." United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). "[T]he appointment of a guardian ad litem is more than a mere formalism. A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." Id. The question of whether to appoint a guardian ad litem is committed to the district court's sound discretion. Id.

Mary C.'s petition represents to the Court that: (1) Petitioner Mary C. is ten years old; (2) she has no general guardian; (3) no previous petition for appointment of a guardian ad litem has been filed in this matter; and that (4) Melissa and Robert C., Mary's parents, with whom she resides, are both willing and able to act as her guardian ad litem in this action. (*Petition* [Doc. 6] ¶¶ 1–5.) Given the foregoing findings of fact, the petition to appoint Melissa and Robert C. as Mary C.'s guardian ad litem will be granted.

//
//
//
//
//
//
//
//
//

### III. CONCLUSION & ORDER

In light of the foregoing:

Defendants' application to use an abbreviated pseudonym in place of their surname is **GRANTED**. [Doc. 5.]

Defendants' Petition to appoint guardians ad litem is **GRANTED**. [Doc. 6.] Melissa C. and Richard C. are hereby appointed as guardians ad litem for Mary C. for the purpose of answering and bringing claims in this action.

**IT IS SO ORDERED.**

Dated: October 27, 2017

Hon. Thomas J. Whelan
United States District Judge